Frank RASHAP, Plaintiff-Appellant,

v.

Herbert BROWNELL, Attorney General of the United States, Defendant-Respondent,

Aramo-Stiftung, Defendant-Intervener-Respondent.

No. 20, Docket 24519.

United States Court of Appeals Second Circuit.

Argued Oct. 18, 1957.

Decided Dec. 31, 1957.

Timothy P. Walsh, New York City (Harden, Hess & Eder, and Monroe Collenburg, New York City, on the brief), for plaintiff-appellant.

Lawrence S. Lesser, Washington, D. C. (Paul, Weiss, Rifkind, Wharton & Garrison, New York City, and Pehle, Lesser, Mann, Riemer & Luxford, Washington, D. C., on the brief), for defendant-intervener-respondent.

Leonard P. Moore, U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Lloyd H. Baker, Asst. U. S. Atty., E. D. N. Y., Brightwaters, N. Y., on the brief), for defendant-respondent.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

The basic factual background of this case is recited in our earlier opinion in this case, 229 F.2d 193. There, this court affirmed the granting of summary judgment to the defendant-intervener, Aramo-Stiftung. That holding was based upon the determination that possession of the fund in question was in the Oak Commercial Corporation during the relevant period and consequently that this plaintiff's assertion of a possessory lien was groundless. However, the plaintiff was granted leave to file a new pleading against the intervener, Aramo. 229 F.2d at page 197. A "counterclaim or cross-complaint" was then filed against Aramo. This pleading omitted the assertion that the plaintiff's claim was secured by lien. But in all its other aspects it was identical with that served upon the Government in the earlier proceeding. The new pleading, like the original complaint, alleged that the plaintiff had undertaken to act as "agent and custodian for the undisclosed owners of the fund" and was entitled to the fair and reasonable value of his services. The recovery sought was based solely on this contention. Aramo then moved for summary judgment on this *quantum meruit* claim. The motion was granted and it is this ruling which is presently before us on appeal.

In finding possession in the corporation this court's earlier opinion indicated that plaintiff would not be permitted to pierce the corporate veil of the Oak Commercial Corporation. 229 F.2d at page 195. By his present, reliance on the allegations of being *personal* "custodian" for the owners, plaintiff is again attempting to pierce that veil. This, we hold, he may not do, for the reasons stated in our earlier opinion:

"* * * No practical reasons suggest themselves for extending the law of possession from the corporation, as the parties intended, to its officers, as they clearly did not intend, but wished to avoid by choosing the corporate device." 229 F.2d at page 195.

This observation is equally applicable to the custody problem before us now.

Even if Habicht and, later, plaintiff, did have what may be called "custody" of the funds, that custody was by virtue of their offices in Oak, and in behalf of Oak, and not as agents of the owners of the fund.

■ The entire record in this case, including tax reports, corporate minutes, and papers in other legal proceedings, supports the position of Aramo that the custody of the fund reposed in Oak. There is nothing in the entire record to support a contention that Kolb, or his client, Aramo, conferred custody or any personal authority on plaintiff as an individual. A sharp disagreement over whether Habicht gave plaintiff the key to the safe deposit box when Habicht left Hardin, Hess & Eder in 1944, is not relevant. Even if plaintiff had the key, the most that can be said, in light of all the exhibits and plaintiff's deposition, is that such possession was consistent with the plaintiff's right of access as an officer, and agent, of Oak.

The record also shows beyond dispute that pursuant to a contract between Oak and Aramo (i.e., Dr. Kolb acting for undisclosed owners), Oak agreed to serve, and did serve, as Aramo's agent and custodian for a fee to be agreed on for which Aramo became obligated to Oak;[1] that Oak, and not the plaintiff was Aramo's agent and custodian. Against this background a conflict as to the interpretation of a subsequent agreement between Aramo and Hardin, Hess & Eder becomes wholly irrelevant. For even if—as plaintiff contends—this agreement did not obligate Hardin, Hess & Eder to provide the compensation for Oak's officers it did not purport to relieve either Oak or Aramo from their contractual obligations each to the other. And Aramo continued to be liable to Oak for the very services which the plaintiff rendered as Oak's officer.[2] Thus Aramo's continuing liability to Oak necessarily precluded the implication of a promise by Aramo to compensate the plaintiff directly for the services which Oak was obligated to perform. Hence, upon the undisputed record, any claim based upon an inferred-in-fact contract must fall. Miller v. Schloss, 218 N.Y. 400, 113 N.E. 337. See also, Martin v. Campanaro, 2 Cir., 156 F.2d 127, 130 note 5, certiorari denied 329 U.S. 759, 67 S.Ct. 112, 91 L.Ed. 654.

Since the plaintiff was present at the meeting at which Aramo's agreement to pay Oak for its services was discussed, it is clear that he could not have entertained a reasonable expectation of personal compensation by Aramo. Without either any manifestation of a promise by Aramo to compensate the plaintiff or a reasonable expectancy by the plaintiff of compensation from Aramo, an implied-in-law contract claim must fall. Restatement, Restitution, § 41(b); Grombach Productions, Inc. v. Waring, 293 N.Y. 609, 59 N.E.2d 425. Cf. Matarese v. Moore-McCormack Lines, 2 Cir., 158 F.2d 631, 634, 170 A.L.R. 440.

We conclude that there was no triable issue presented in this case. The disposition below was proper.

Affirmed.

1. The minutes of the first meeting of the Board of Directors of Oak held on December 21, 1939, record in part the following:

"The Chairman then stated that he was advised that Dr. Max Kolb of Zurich, Switzerland, who represented himself to be acting on behalf of the owner of the cash and securities, requested the Corporation to receive for temporary safe-keeping said securities and cash and that Dr. Kolb was willing to pay to the Corporation an amount to be later agreed upon for its services in connection with the transaction. After discussion, the following resolution was unanimously adopted:

"Resolved, that the Corporation is willing to comply with the request of Dr. Max Kolb and to receive from him for temporary safe-keeping certain securities and cash which he declared to be owned by his clients and concerning which he had the right to make said deposit; * * *"

2. The only two payments which the plaintiff received for services were made by Oak and thus tend to negate the existence of any obligation running direct from Aramo to the plaintiff.